Henderson, Judge,
 

 delivered the opinion of the Court:
 

 A contract of partnership is a contract of agency, and it differs from a pure agency
 
 only in
 
 this,
 
 that,
 
 in a
 
 puro
 
 agency, the agent binds liis principal
 
 only;
 
 in a partnership all the principals or partners are bound, which, of course, includes the actor. On this principle is bottomed the powers of one partner to bind the partnership, when he acts within the scope of his powers. How far those powers extend, is generally ascertained by the nature and objects of the copartnership j and this depends on the agreement of the parties evidenced between themselves, generally by an express contract, and as to the world, in addition thereto, by overt acts or visible signs. (I speak not of what makes a man a secret partner.) These visi-hie signs may be exhibited after a transaction of agency, as well as he concomitant with or before it. For technical reasons, the contract of partnership does not give one partner a right to bind the partnership by deed. To do so, he must have express powers, (under seal as I apprehend,) or he must be actually present and assent to the agency. But he that as it may, the power does not flow from the hare contract of partnership: it rests on some other
 
 basis;
 
 either one of those before mentioned, or some other.
 

 
 *325
 
 ' H tins case then stood on the bond alone, which Carter signed for himself and Porter, and which Person joined in as security, although the money arising from the contract was applied to Porter’s use, or the joint use of Porter and Cartel», without the assent of Porter, he would not probably be liable in this action : for no man can make another his debtor without his consent express or implied. But this assent may, from circumstances, be implied, and when implied it has the same effect as the most express assent. Now, although Carter had no power to sign the bond, so as to hind Porter, yet the bond may be used to shew
 
 in -what capacity Carter professed to
 
 act. In this case
 
 he professed
 
 to act for the concern of Porter and Carter, as their' agent, to bind thorn by their deed. The money raised by the contract was applied to the use of the partnership, and (which is the key-stone of the case) Porter recognizes it as the bond of Porter and Carter, and gives direction for its payment,
 
 describing it as the bond of Porter and
 
 Carter» It was not otherwise Porter’s bond, than through Carter’s agency for the partnership. How pan Porter’s recognition he true, otherwise than by a recognition of Carter’s agency ? He not only by words recognizes the agency, but takes benefit of the effect of the contract 3 assents to the extinguishment of his own debt, hut refuses to take on himself those obligations which his situation as principal or partner imposes. His conduct is, in effect, this
 
 ;
 
 I will recognise the acts of Carter so far as they benefit me, but will not take on myself the liabilities arising from the same transaction. The refutation or exposure is plain. If Carter had not an express binding power from Porter to bind the partnership in this transaction, Porter had his election of disavowing the contract; and it was not required of him to make an express disavowal, a refusal or omission to take any benefit under it would have been sufficient. But having knowingly received the benefits resulting therefrom, he shall also take the burthen, and he shall do the same thing as if he had personally irans-
 
 *326
 
 acted the business. He shall assume ail the intrinsic obligations of the actor. In this we do him no injustice, and. in this he cannot complain. We impose on him only the intrinsic obligations arising out of his situation, which he voluntai’ily assumed, and the beneficial effects of which he is now enjoying. Cases may be found, in which, under circumstances somewhat similar to this, recoveries have not been effected 5 but in which all the principles of law contended for in this case are admitted, and the mistake, if there be any, is in their application. The case in 2 John. 213, is somewhat like this ; but wanting an essential part, and that is, the recognition of the bond as a partnership bond. I feel myself imperiously bound by precedents settling or recognising the rules or principles of law. Knowingly to run counter to them when well settled, would be contrary to the duty which I owe to the state, and contrary to the duty which I owe to myself. But as to those cases which only
 
 apply
 
 principles, which
 
 do not profess to establish or investigate what the principles are,
 
 I confess, I do not feci myself bound by them, if I cannot perceive the propriety of the application. In fact, they are looked into as mere exercises, as practising lessons, to enable the Judge the more easily to apply the rules of law
 
 ;
 
 but it was never intended that we should look to the
 
 result
 
 to ascertain what the
 
 rule
 
 is. When there is no controversy about the rule on either side, the only question being about the application, the rule is not to be found in the result. Such cases are mere practising lessons
 
 ;
 
 if right, there will be the like decisions again, (I will not say they will be followed,) if wrong, they will be disregarded, as cases where the rule is misapplied. — The rule for a new trial must be discharged.